In the

# United States Court of Appeals
## For the Seventh Circuit

No. 18-2113

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JAMES ATWOOD,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Central District of Illinois.
No. 2:16-cr-20043 — **Colin S. Bruce**, *Judge.*

ARGUED SEPTEMBER 27, 2019 — DECIDED OCTOBER 24, 2019

Before WOOD, *Chief Judge*, and KANNE and BARRETT, *Circuit Judges.*

BARRETT, *Circuit Judge.* Judge Colin S. Bruce sentenced James Atwood to 210 months' imprisonment for federal drug crimes. While Atwood's case was pending, Judge Bruce improperly communicated ex parte with the prosecuting U.S. Attorney's Office about other cases. The federal recusal statute requires a judge to recuse himself from any proceeding in which his impartiality may reasonably be questioned. The

government concedes that the disclosure of Judge Bruce's ex parte correspondence invited doubt about his impartiality in proceedings involving the Office. Because of the judge's broad discretion in sentencing, we conclude that Judge Bruce's failure to recuse himself was not harmless error. We vacate Atwood's sentence and remand his case for resentencing by a different judge.

I.

James Atwood appeared before Judge Colin S. Bruce for sentencing after pleading guilty to three counts of federal drug crimes. The presentencing report calculated that Atwood faced a Guidelines range of 188 to 235 months in prison for Counts One and Two. Judge Bruce adopted the report's calculations and sentenced Atwood to 210 months' imprisonment on those two counts and 96 months' concurrent imprisonment on the third count. At sentencing, Judge Bruce explained, "My sentence is driven by the [§] 3553(a) factors; and, in fact, if I have made a mistake in the guideline calculations, if I have made any mistake in a ruling on the guidelines, my sentence would still be the same."

It later came to light that while Atwood's case was pending, Judge Bruce engaged in extensive ex parte communication with the prosecuting U.S. Attorney's Office about other cases. Judge Bruce had been a federal prosecutor at the same U.S. Attorney's Office for many years before his appointment to the judiciary. In August 2018, a newspaper exposed that Judge Bruce had continued to communicate ex parte with his former colleagues in the Office about one of their cases before him. The newspaper published emails between Judge Bruce and a paralegal in the U.S. Attorney's Office about a criminal trial over which Judge Bruce presided. In the emails, Judge

Bruce expressed exasperation that the novice prosecutor's weak cross-examination had turned the case "from a slam-dunk for the prosecution to about a 60-40 for the defendant …." After learning of those emails, the Chief District Judge removed Judge Bruce from all cases involving the Office.

The Office then disclosed additional emails, which revealed that Judge Bruce had communicated ex parte with the Office over 100 times since taking the bench. Those communications mostly addressed ministerial matters, but they often showed Judge Bruce cheering on Office employees and addressing them by nicknames. For example, Judge Bruce corresponded ex parte with a secretary in the Office about scheduling for Atwood's co-defendant, writing, "Roger-dodger. GO SONCHETTA [a nickname for the secretary]!" And after a pretrial conference, Judge Bruce reassured a prosecutor about a filing miscommunication: "My bad. You're doing fine. Let's get this thing done." At other times, Judge Bruce wrote to prosecutors in the Office to congratulate and thank them for persuading our court to affirm his decisions. Judge Bruce never explicitly mentioned Atwood's case in an ex parte email.

The Judicial Council of the Seventh Circuit reviewed two complaints filed against Judge Bruce. A Special Committee examined the disclosures and conducted supplementary interviews and a hearing. The Judicial Council released the Special Committee's investigative report to the public and adopted its recommendations in full. *In re Complaints Against Dist. Judge Colin S. Bruce*, Nos. 07-18-90053, 07-18-90067 (7th Cir. Jud. Council May 14, 2019). The Judicial Council found no evidence that Judge Bruce's improper communications

actually affected his decision in any case but admonished Judge Bruce that his actions had breached the Code of Conduct for United States Judges. *Id.* at 1. Following the Judicial Council's order, Judge Bruce remained unassigned to any case involving the Office until September 1, 2019. *Id.* He has since resumed presiding over those cases.

## II.

In light of Judge Bruce's conduct, Atwood argues that the federal recusal statute entitles him to resentencing by a different judge. Atwood raised recusal for the first time on appeal, but we review his claim de novo because Judge Bruce's ex parte communications were disclosed only after sentencing. *See Fowler v. Butts*, 829 F.3d 788, 792–95 (7th Cir. 2016).

The federal recusal statute requires a judge to recuse himself from "any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The government concedes that Judge Bruce's conduct gave the appearance that he was biased in the government's favor but argues that the error was harmless. To determine whether a judge's violation of § 455(a) was harmless error, we look to the three factors outlined in *Liljeberg v. Health Services Acquisition Corp.*: (1) the risk of injustice to the parties in this case, (2) the risk of injustice to parties in future cases, and (3) the risk of undermining public confidence in the judicial process. 486 U.S. 847, 864 (1988).

The first *Liljeberg* factor focuses on the fairness to the litigants in this case. We begin with the potential unfairness to Atwood of upholding his sentence. Judge Bruce calculated Atwood's sentence based on the factors outlined in 18 U.S.C. § 3553(a). As we have said before, "[t]he open-endedness of

the § 3553(a) factors leaves ample room for the court's discretion." *United States v. Warner*, 792 F.3d 847, 855 (7th Cir. 2015). That discretion invites the risk that a judge's personal biases will influence or appear to influence the sentence he imposes. *See United States v. Smith*, 775 F.3d 879, 882 (7th Cir. 2015) (remanding for resentencing because of the possibility that a judge's prior knowledge of a case was a conscious or unconscious influence on the sentence she imposed). Upholding Atwood's sentence, then, creates a real risk of unfairness to him.

Conversely, there is little risk of unfairness to the government if we remand Atwood's case for resentencing. Although a second sentencing proceeding carries some administrative cost, the government concedes that resentencing would not impose a special hardship in this case. *Cf. Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1909 (2018) (characterizing a resentencing proceeding as "relatively inexpensive"). Since there is a substantial risk of unfairness to Atwood if we uphold his sentence and little risk of unfairness to the government if we do not, the first *Liljeberg* factor favors resentencing.

The second *Liljeberg* factor invites us to consider the risk of injustice to other litigants in future cases. As in *Liljeberg*, we think that enforcing § 455(a) in this case "may prevent a substantive injustice in some future case"—here, by encouraging judges to exercise caution in their communications. 486 U.S. at 868. This factor also counsels in favor of resentencing.

Finally, we consider the risk of harm to the public's confidence in the impartiality of the judiciary. In sentencing, the most significant restriction on a judge's ample discretion is the judge's own sense of equity and good judgment. When those qualities appear to be compromised, the public has little reason to trust the integrity of the resulting sentence. The

government has conceded that Judge Bruce compromised his appearance of impartiality. Allowing Atwood's sentence to stand would undermine the public's confidence in the fairness of this sentence and in the impartiality of the judiciary. All three *Liljeberg* factors, then, counsel that we remand for resentencing.

* * *

We conclude that Judge Bruce's failure to recuse himself from Atwood's sentencing was not harmless error. We VACATE Atwood's sentence and REMAND his case for resentencing by a different judge.