In the

# United States Court of Appeals

## For the Seventh Circuit

No. 21-2274

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ANTHONY LOMAX, also known as ANT,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 12-cr-00189-3 — **Sarah Evans Barker**, *Judge.*

ARGUED SEPTEMBER 21, 2022 — DECIDED OCTOBER 11, 2022

Before FLAUM, SCUDDER, and KIRSCH, *Circuit Judges.*

FLAUM, *Circuit Judge.* In 2014, a jury convicted Anthony Lomax of heroin distribution and firearm offenses. Lomax's prior felony convictions for drug and violent offenses subjected him to increased penalties at sentencing. As a result, the district court sentenced Lomax to a term of 400 months' imprisonment. On remand from an appeal in 2017, the district court again sentenced Lomax to 400 months' imprisonment. In 2019, Lomax moved, *pro se*, to vacate his sentence pursuant

to 28 U.S.C. § 2255, alleging his counsel performed deficiently during his 2017 resentencing by failing to investigate whether Lomax's prior Indiana cocaine conviction constituted a "felony drug offense" under 21 U.S.C. § 841. The district court construed Lomax's motion as arguing that he was actually innocent of the § 841 sentencing enhancement and agreed that he was. Accordingly, the district court granted Lomax's motion and vacated his sentence. Lomax was then resentenced in 2021, without application of the § 841 sentencing enhancement, to a term of 300 months' imprisonment.

Lomax now raises two issues on appeal: first, whether the district court abused its discretion by not holding a § 2255 evidentiary hearing regarding his ineffective assistance of counsel allegations; and second, whether his prior attempted murder conviction constitutes a crime of violence under U.S.S.G. § 4B1.2. For the following reasons, we affirm the district court's disposition of Lomax's § 2255 motion and his sentence.

## I.    Background

Lomax and his two cousins sold heroin in Indianapolis. In 2012, a grand jury indicted them for conspiring to possess and distribute heroin. 21 U.S.C. § 846. Subsequent superseding indictments charged Lomax with five counts of distributing heroin, 21 U.S.C. § 841(a)(1), and one count of unlawfully possessing a firearm as a felon, 18 U.S.C. § 922(g)(1). The government later filed a notice indicating its intention to seek an enhanced sentence for the heroin charges under § 841(b)(C) based on Lomax's prior Indiana felony conviction for cocaine possession in 2001.

In February 2014, a jury found the defendants guilty on all counts. Lomax was later sentenced to 400 months' imprisonment. On appeal, this Court vacated Lomax's conspiracy conviction after concluding that the district court erred by declining to give a certain jury instruction. *United States v. Lomax*, 816 F.3d 468, 477 (7th Cir. 2016). On remand, the government dismissed the conspiracy charge against Lomax and the district court proceeded to resentence him on the heroin and firearm offenses.

In the revised presentence investigation report, a probation officer determined the following adjusted offense levels: thirty-nine for the heroin offenses and thirty-four for the firearms offense. The officer also recommended application of the career offender enhancement, which applies, in relevant part, if the defendant "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). Lomax objected to his designation as a career offender, arguing that his Indiana conviction for attempted murder in 2004 did not constitute a crime of violence as defined in U.S.S.G. § 4B1.2(a).

At the June 27, 2017 resentencing hearing, the district court overruled Lomax's objection. Application of the career offender enhancement did not increase Lomax's total offense level, but it did increase his criminal history category from a V to a VI. With a total offense level of thirty-nine and a criminal history category of VI, the district court found that the applicable range under the Sentencing Guidelines was 360 months' to life imprisonment. Lomax was again sentenced to 400 months' imprisonment.

Once more, Lomax appealed. As it pertains to the present dispute, Lomax argued that his attempted murder conviction

is not a crime of violence under § 4B1.2(a). This Court rejected Lomax's argument and affirmed his sentence. *United States v. Lomax*, 743 F. App'x 678, 683–84 (7th Cir. 2018).

On September 10, 2019, Lomax filed a *pro se* motion pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel in violation of his Sixth Amendment right and asking the district court to "vacate, set aside or correct his sentence as would have been appropriate absent his Attorney's errors." Section 2255 provides:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds … that the sentence imposed was not authorized by law[,] … the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

28 U.S.C. § 2255(b).

Lomax argued, in relevant part, that his attorney failed to investigate at sentencing whether his prior Indiana conviction for cocaine possession constituted a predicate felony drug offense subject to enhanced penalties under 21 U.S.C. § 841. Lomax contended that his Indiana conviction for cocaine possession was broader than its federal counterpart and, therefore,

his attorney should have challenged his enhanced sentence under § 841.

The district court construed Lomax's argument "as asserting that he is actually innocent of the § 841(b)(1)(C) sentence enhancement because his 2001 Indiana conviction for possession of cocaine is not a 'felony drug offense' under current Seventh Circuit precedent." *See Perrone v. United States*, 889 F.3d 898, 903 (7th Cir. 2018) (explaining that a habeas petitioner may invoke the "actual innocence exception, which permits a petitioner to assert a defaulted claim if he can demonstrate that he is actually innocent of the crimes of which he was convicted" (citation and internal quotation marks omitted)). Relying on the actual innocence exception, the court went on to find that under current law, Lomax's prior Indiana cocaine conviction does not qualify as a felony drug offense under § 841(b)(1)(C) and, therefore, Lomax was "actually innocent of the enhanced sentence."

Without the § 841 enhancement, the court concluded that Lomax would be subject to a statutory maximum sentence of 240 months' imprisonment for the heroin offenses. Given that Lomax was "entitled to relief on this basis," the district court explained that it "w[ould] not address his additional arguments." Accordingly, on February 9, 2021, the court granted Lomax's § 2255 motion, vacated his sentence, and ordered another resentencing hearing.

At the resentencing hearing on June 29, 2021, the district court determined that, although the statutory maximum sentence for Lomax's heroin offenses decreased from 360 to 240 months' imprisonment, the Guidelines calculation remained

the same (360 months' to life imprisonment).[1] With the assistance of counsel, Lomax renewed his objection to his designation as a career offender, and the district court denied the objection for the same reasons. Lomax was resentenced to a total of 300 months' imprisonment for the heroin and firearm offenses.[2] Lomax now appeals.

## II.    Discussion

### A.  Section 2255 Evidentiary Hearing

The first issue on appeal is whether the district court erred in granting Lomax's § 2255 motion without first holding an evidentiary hearing regarding his ineffective assistance of counsel claim. In his motion, Lomax argued that his counsel failed to investigate whether his Indiana conviction for cocaine possession constituted a predicate felony drug offense under § 841 for purposes of his 2017 resentencing. However, on appeal, Lomax contends that, when liberally construed, his *pro se* briefing also includes a claim that his counsel's pretrial advice regarding whether to proceed to trial or plead guilty was ineffective. As a result, Lomax asserts that the district court abused its discretion by not holding an evidentiary hearing regarding his pretrial ineffective assistance of counsel claim. It bears emphasizing that, at oral argument, Lomax's counsel confirmed that Lomax is not arguing that the district

---

[1] While the statutory maximums within § 841(b) depend on a defendant's criminal history, the Guidelines calculations largely depend on the quantity of drugs involved in the instant offense.

[2] The district court sentenced Lomax to 240 months' imprisonment for the heroin offenses and 120 months' imprisonment, with half the term to run concurrently, for the firearm offense.

court should have ordered an evidentiary hearing regarding his counsel's failure to challenge the § 841 enhancement at the 2017 *resentencing*; he is only arguing that his counsel's *pretrial* conduct warranted an evidentiary hearing.

Section 2255 allows a federal prisoner to seek relief if their "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). When considering the disposition of a § 2255 motion, "we review the district court's legal conclusions de novo, its factual findings for clear error, and its decision not to hold an evidentiary hearing for an abuse of discretion." *Bridges v. United States*, 991 F.3d 793, 799 (7th Cir. 2021). The parties primarily focus on whether Lomax's ineffective assistance of counsel allegations sufficed to warrant an evidentiary hearing, but procedural barriers prevent us from reaching that issue.

The government contends that Lomax forfeited his pretrial ineffective assistance of counsel claim because he failed to raise it to the district court. Forfeiture is the failure to timely raise an argument due to "inadvertence, neglect, or oversight." *Harris v. United States*, 13 F.4th 623, 628 (7th Cir. 2021) (citation omitted). Lomax concedes that in his § 2255 motion, he framed his ineffective assistance of counsel claim in terms of the 2017 resentencing. Yet Lomax posits that when construing his *pro se* motion liberally, it also challenges the effectiveness of his counsel during the pretrial proceedings.

However, even when liberally construed, Lomax's § 2255 motion does not encompass the pretrial proceedings. A § 2255 "movant must present his specific theory of ineffectiveness in the district court." *Harris*, 13 F.4th at 627. Lomax's motion does not contain any allegations regarding his decision to proceed to trial or regarding an available plea deal. *See Martin v.*

*United States*, 789 F.3d 703, 707 (7th Cir. 2015) (concluding that a § 2255 movant must provide "*some* threshold showing of the evidentiary basis, beyond mere conclusory allegations, that supports a finding that the government in fact offered a plea deal" to support an ineffective assistance of counsel claim related to plea negotiations); *Wyatt v. United States*, 574 F.3d 455, 459 (7th Cir. 2009) ("Pro se collateral review filings are construed liberally. As here, however, where a § 2255 motion makes absolutely no mention of a claim, we will not entertain an argument pertaining to that claim on appeal." (citations omitted)). Moreover, in the motion, Lomax specifically distinguished his claim from one in "a plea agreement context" when relying on *Brock-Miller v. United States*, 887 F.3d 298, 310 (7th Cir. 2018), a case regarding a counsel's failure to appropriately challenge the government's sentencing enhancement notice prior to the defendant accepting a plea agreement.

Thus, Lomax's § 2255 motion cannot be fairly read to include a claim for the ineffective assistance of his counsel during the pretrial proceedings. As a result, he has forfeited any argument related to that claim on appeal. *See Harris*, 13 F.4th at 629 (noting that "it [is] not [a district] court's duty to imagine every possible argument for [a § 2255 movant], even when liberally construing his pro se filings"); *cf. Frazier v. Varga*, 843 F.3d 258, 262–63 (7th Cir. 2016) (declining to review an ineffective assistance of counsel argument raised for the first time on appeal because "[e]ven with the generous reading that we give *pro se* filings … this claim simply was not presented to the district court").

We must next decide whether to forgive the forfeiture and consider Lomax's argument. "[I]n the context of a collateral attack on a criminal sentence, a forfeited issue may be

reviewed for plain error where a party can demonstrate that: (1) exceptional circumstances exist; (2) substantial rights are affected; and (3) a miscarriage of justice will occur if plain error review is not applied." *Harris*, 13 F.4th at 628 (citation and internal quotation marks omitted). "The determination of what circumstances fit these criteria is solely within our discretion." *Bourgeois v. Watson*, 977 F.3d 620, 629–30 (7th Cir. 2020) (citation omitted). As to the first factor, "exceptional circumstances include when a forfeited ground is founded on concerns broader than those of the parties, such as comity, federalism interests, and the conservation of judicial resources." *Harris*, 13 F.4th at 628 (citation and internal quotation marks omitted).

No such circumstances exist here, and Lomax does not contend otherwise. Moreover, a miscarriage of justice will not occur if plain error review is not applied because the district court has already granted Lomax extraordinary relief by vacating his sentence and resentencing him without applying the § 841 enhancement. *See White v. United States*, 8 F.4th 547, 552 (7th Cir. 2021) ("Relief under § 2255 is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." (citation and internal quotation marks omitted)). Under these circumstances, forgiving Lomax's forfeiture is not warranted. Therefore, we decline to review Lomax's argument with respect to any alleged deficiencies in his counsel's performance during the pretrial proceedings.

### B. Attempted Murder as a Crime of Violence

Lomax's second argument on appeal is that the district court erred in applying the career offender sentencing

enhancement because his prior Indiana conviction for attempted murder does not qualify as a crime of violence as defined in U.S.S.G. § 4B1.2(a). "We review the district court's application of the Sentencing Guidelines de novo." *United States v. Smith*, 989 F.3d 575, 583 (7th Cir. 2021). The career offender enhancement applies if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).

The Guidelines define a "crime of violence" as any felony offense that:

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

> (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

*Id.* § 4B1.2(a). Application Note 1 to § 4B1.2 further provides that crimes of violence "include the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." *Id.* § 4B1.2, cmt. n.1.

During the 2021 resentencing, Lomax renewed his objection to his designation as a career offender, arguing that his prior attempted murder conviction did not constitute a crime of violence. The district court denied the objection, determining that attempted murder is effectively an enumerated offense under § 4B1.2(a). In other words, because Application Note 1 includes attempting to commit the listed offenses, and murder is one such listed offense, attempted murder constitutes a crime of violence under § 4B1.2(a)(2). Lomax now argues that Application Note 1 unlawfully expands, as opposed to interprets, the crime of violence definition within § 4B1.2 and, therefore, this Court should not apply it when determining whether his prior attempted murder conviction constitutes a crime of violence.

In *United States v. Smith*, this Court applied Application Note 1 to § 4B1.2 to conclude that a "controlled substance offense" as defined in § 4B1.2 encompasses *conspiring* to commit a controlled substance offense. 989 F.3d at 585–86. In doing so, this Court reasoned that "[a] corresponding application note is binding authority 'unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline.'" *Id.* at 584 (quoting *Stinson v. United States*, 508 U.S. 36, 38 (1993)). We acknowledged that a circuit split exists "as to whether courts are to defer to Application Note 1 when applying § 4B1.2." *Id.* However, we made clear that in this Circuit, Application Note 1 is "authoritative." *Id.* at 585; *see United States v. Adams*, 934 F.3d 720, 729 (7th Cir. 2019) ("There cannot be a conflict because the text of § 4B1.2(a) does not tell us, one [way] or another, whether inchoate offense[s] are included or excluded." (citation omitted)). Lomax acknowledges our position on this issue but

states that, given the circuit split, he is raising it to preserve for potential further review by the Supreme Court.

While this appeal was pending, the Supreme Court decided *United States v. Taylor*, which held that, under 18 U.S.C. § 924(c), attempted Hobbs Act robbery does not qualify as a "crime of violence." 142 S. Ct. 2015, 2021 (2022). Section 924(c)(3)(A) defines a "crime of violence" in similar terms as U.S.S.G. § 4B1.2(a)(1): offenses that "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). This provision is often referred to as the "elements clause." *Taylor*, 142 S. Ct. at 2019. Applying the categorical approach, the Supreme Court concluded that because "no element of attempted Hobbs Act robbery requires proof that the defendant used, attempted to use, or threatened to use force," the defendant's prior conviction for attempted Hobbs Act robbery did not constitute a crime of violence under § 924(c)(3)(A). *Id.* at 2020–21.

In response to *Taylor*, Lomax argued that the Supreme Court's analysis of attempt law in *Taylor* supports the conclusion that Lomax's attempted murder conviction does not constitute a crime of violence under § 4B1.2(a). We disagree. Although § 924(c) and § 4B1.2(a) share a similar elements clause, the district court did not apply § 4B1.2(a)'s elements clause in finding that Lomax's attempted murder conviction constituted a crime of violence. Instead, the district court considered § 4B1.2(a)(2) (enumerating murder as a violent crime) in conjunction with Application Note 1 (including attempted offenses). Thus, the Supreme Court's analysis of § 924(c) is not determinative here.

Because *Taylor* did not impact this Circuit's precedent regarding Application Note 1 to § 4B1.2, we agree with the district court's conclusion that Lomax's prior attempted murder conviction constitutes a crime of violence under § 4B1.2.

### III.    Conclusion

For the foregoing reasons, we AFFIRM the district court's disposition of Lomax's § 2255 motion and his sentence.