In the

# United States Court of Appeals
## For the Seventh Circuit

No. 23-1889

KEVIN PETTIS,

*Petitioner-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

Appeal from the United States District Court for the
Central District of Illinois.
No. 2:20-cv-02060 — **Sara Darrow**, *Chief Judge.*

ARGUED NOVEMBER 13, 2024 — DECIDED MARCH 3. 2025

Before EASTERBROOK, PRYOR, and KOLAR, *Circuit Judges.*

PRYOR, *Circuit Judge.* Following a trial before District Judge
Colin S. Bruce, a jury convicted Kevin Pettis of illegally pos-
sessing a firearm as a felon. Judge Bruce sentenced Pettis to
120 months' imprisonment. Pettis challenged his sentence un-
der 28 U.S.C. § 2255, arguing that he did not receive a fair
hearing before an unbiased judge and that Judge Bruce
should have recused himself from Pettis's case. The matter
was assigned to Chief District Judge Sara Darrow, who

denied relief. Pettis appeals. Finding no error in the district court's rulings, we affirm.

## I. BACKGROUND

On July 8, 2016, a jury found Pettis, a convicted felon, guilty of illegally possessing a firearm in violation of 18 U.S.C. § 922(g)(1). In November 2016, Judge Bruce, who presided over the jury trial, sentenced Pettis to 120 months' imprisonment followed by three years of supervised release. Pettis challenged his conviction on direct appeal, which we affirmed. *See United States v. Pettis*, 720 F. App'x 306, 308 (7th Cir. 2017).

In September 2018, Pettis learned that Judge Bruce had engaged in extensive *ex parte* communications with staff members of the U.S. Attorney's Office for the Central District of Illinois while his case was pending. Those communications are described at length in several of our previous opinions. *See Shannon v. United States*, 39 F.4th 868, 876 (7th Cir. 2022) (citing *In re Complaints Against District Judge Colin S. Bruce*, Nos. 07-18-90053 & 07-18-90067 (7th Cir. Jud. Council May 14, 2019), http://www.ca7.uscourts.gov/judicial-conduct/judicial-conduct_2018/07_18-90053_and_07-18-90067.pdf); *see also United States v. Gmoser*, 30 F.4th 646, 648 (7th Cir. 2022) (citing *United States v. Orr*, 969 F.3d 732 (7th Cir. 2020); *United States v. Williams*, 949 F.3d 1056 (7th Cir. 2020); *United States v. Atwood*, 941 F.3d 883 (7th Cir. 2019)). Because these opinions adequately summarize Judge Bruce's conduct, we do not repeat it here. The Judicial Council of the Seventh Circuit later investigated the communications and "found no evidence that Judge Bruce's improper communications actually affected his decision in any case but admonished Judge Bruce that his

actions had breached the Code of Conduct for United States Judges." *Atwood*, 941 F.3d at 885.

After learning about Judge Bruce's communications, Pettis wrote a letter, in September 2018, to District Judge James E. Shadid, then Chief Judge of the United States District Court for the Central District of Illinois, requesting the court determine whether Judge Bruce's conduct impacted his case. On November 26, 2018, Federal Public Defender Thomas Patton sent Pettis a letter acknowledging Pettis's concerns and the unfolding situation with former clients of the Federal Defender's Office who were sentenced by Judge Bruce. Patton expressed that while he had not uncovered any information suggesting that Judge Bruce had engaged in misconduct in handling Pettis's case, Pettis may have a "potentially meritorious" claim of unconstitutional bias. Patton also explained that Pettis would need to decide whether he wanted to file a § 2255 motion and, if he did, that Patton's office would represent him and file the motion.

On January 29, 2020, Patton sent another letter to Pettis. This time, Patton explained that he had misrepresented to Pettis the implications of the tolling agreement between his office and the U.S. Attorney's Office for the Central District of Illinois regarding certain cases handled by Judge Bruce. He also noted that he had failed to adequately toll the statute of limitations for Pettis's claims. Patton clarified that, contrary to what he had previously told Pettis, the tolling agreement "did not preserve the right to raise a claim that Judge Bruce's failure to recuse himself from cases pursuant to the federal recusal statute, 28 U.S.C. § 455(a), violated [Pettis's] rights." Patton admitted that he had misinformed Pettis, that the

statute of limitations may have run, and that he had committed a "serious legal error."

In response, Pettis filed his pro se motion to vacate his sentence under 28 U.S.C. § 2255 on March 9, 2020, approximately six months after his one-year limitations period expired.[1] Pettis argued that Judge Bruce's improper communications demonstrated a "disqualifying bias" violating both his due process rights and the federal recusal statute, warranting a new trial. Pettis also maintained that Patton was ineffective for misleading him about the nature of the tolling agreement between the Federal Public Defender's Office and the U.S. Attorney's Office. Recognizing the untimeliness of his petition, Pettis also argued that he was entitled to equitable tolling on account of Patton's actions.

Judge Bruce recused himself and Pettis's case was reassigned to Chief Judge Darrow, who appointed Pettis counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B). Pettis's appointed counsel then filed a supplemental § 2255 motion on October 5, 2020, arguing that Pettis had a due process right to be sentenced by an unbiased judge and a Sixth Amendment right to effective assistance of counsel. Counsel also argued that even if there was no showing of actual bias, Judge Bruce had a statutory obligation to recuse under 28 U.S.C. § 455(a) because of the appearance of bias. Counsel renewed Pettis's contention that he was entitled to equitable tolling because of Patton's mistake.

---

[1] The March deadline accounts for time properly excluded under 28 U.S.C. § 2255(f)(4) for when Judge Bruce's improper conduct was publicly disclosed in August 2018.

The district court rejected Pettis's tolling argument, concluding that Patton's legal error and failure to preserve Pettis's statutory recusal claim did not constitute extraordinary circumstances warranting equitable tolling. The court also noted that Pettis failed to present any evidence of actual bias or a risk of bias so high on the part of Judge Bruce that it rose to the level of a constitutional violation. In regards to Pettis's ineffective assistance of counsel claim, the district court concluded that Patton's failure to obtain a tolling agreement for Pettis's postconviction relief could not constitute a Sixth Amendment violation.

Pettis filed this appeal on May 10, 2023. We issued a certificate of appealability, *see* 28 U.S.C. § 2253(c)(2), on the issues of "(1) whether due process disqualified the district judge, Colin S. Bruce, from sentencing Pettis; and (2) whether, under 28 U.S.C. § 455(a), Judge Bruce should have recused himself from sentencing Pettis because his impartiality might reasonably have been questioned and, if so, whether his failure to do so was harmless."

## II. ANALYSIS

### A. Mootness

We must first address the government's contention that Pettis's appeal is moot because he was released from prison while his § 2255 motion was pending and is now serving a new sentence imposed by Chief Judge Darrow for violating his terms of supervised release. "The United States Congress has authorized federal courts to entertain petitions for a writ of habeas corpus only where the individual seeking the writ is 'in custody.'" *Virsnieks v. Smith*, 521 F.3d 707, 717 (7th Cir. 2008) (quoting 28 U.S.C. § 2241(c)). Recall that on March 9, 2020, Pettis filed his § 2255 motion. Two days later, on March

11, 2020, the case was reassigned to Chief Judge Darrow. Before Chief Judge Darrow ruled on the motion, however, Pettis was released from prison. On January 28, 2022, Pettis began his three-year term of supervised release. On October 7, 2022, Chief Judge Darrow found Pettis had violated his conditions of supervised release and sentenced him to 18 months' imprisonment, plus an additional 18 months of supervised release. Chief Judge Darrow denied Pettis's § 2255 motion on March 28, 2023. This appeal followed.

Relying on *Spencer v. Kemna*, 523 U.S. 1, 7 (1998), the government seems to argue that because the prison sentence imposed by Judge Bruce expired before Pettis violated his conditions of supervised release, there are no ongoing collateral consequences from Judge Bruce's now-expired sentence that can be addressed by Pettis's § 2255 motion. But this argument is misplaced. First, a term of supervised release is considered part of a defendant's sentence. *United States v. Thompson*, 777 F.3d 368, 373 (7th Cir. 2015). Therefore, even though Pettis had completed the custodial component of his sentence, Pettis had yet to complete the supervised release term of Judge Bruce's criminal sentence when he was revoked.[2] Second, "[w]hen a former inmate still serving a term of supervised release challenges the length or computation of his sentence, his case is not moot so long as he could obtain 'any potential benefit'

---

[2] In a petition for revocation of supervised release filed on October 25, 2024, the probation office alleged that Pettis violated the terms of his supervised release by continuing to use illegal substances, failing to participate in substance abuse treatment, and refusing to complete cognitive behavioral therapy. A warrant for Pettis's arrest was executed on December 4, 2024. He remains in custody awaiting his revocation hearing scheduled for March 4, 2025, in the district court.

from a favorable decision." *Pope v. Perdue*, 889 F.3d 410, 414 (7th Cir. 2018) (quoting *United States v. Trotter*, 270 F.3d 1150, 1152 (7th Cir. 2001)); *see also United States v. Haymond*, 588 U.S. 634, 648 (2019). Because supervised release carries collateral consequences, a favorable decision for Pettis could modify his sentence, providing him with a benefit and preventing his case from being moot. *Conley v. United States*, 5 F.4th 781, 786 (7th Cir. 2021); *see also Pope*, 889 F.3d at 415 (finding a defendant's case was not moot when, on remand, he could receive less supervised release).

### B. Pettis's § 2255 claims

Turning to the merits, Pettis argues that Judge Bruce's *ex parte* communications violated his due process rights and the federal recusal statute, warranting resentencing.[3] When reviewing a district court's denial of a § 2255 motion, we review the court's factual findings for clear error and legal conclusions de novo. *United States v. Lomax*, 51 F.4th 222, 227 (7th Cir. 2022).

#### 1. Due Process Claim

The Due Process Clause of the Fourteenth Amendment guarantees defendants an impartial judge. *Williams*, 949 F.3d at 1061. There is a rebuttable presumption that judges are "honest, upright individuals who rise above biasing influences" when deciding cases. *Id.* Whether a judge should recuse himself under the Due Process Clause is an objective question which asks "whether the average judge in his

---

[3] The parties do not contest that the tolling agreement preserved Pettis's claim of actual bias under the Due Process Clause of the Fourteenth Amendment.

position is likely to be neutral, or whether there is an unconstitutional potential for bias." *Id.* (quoting *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 881 (2009)) (internal quotation marks omitted).

"To prove a disqualifying bias, there must be evidence of 'either actual bias, or a possible temptation so severe that we might presume an actual, substantial incentive to be biased.'" *Id.* (quoting *Del Vecchio v. Ill. Dep't of Corr.*, 31 F.3d 1363, 1380 (7th Cir. 1994) (en banc)). Pettis has failed to produce any evidence of actual bias or grounds that would support finding a substantial incentive to be biased. Moreover, the Judicial Council for the Seventh Circuit noted that it had found "no evidence and received no allegation that Judge Bruce's conduct or *ex parte* communications impacted any of his rulings or advantaged either party." *In re Complaints Against Dist. Judge Colin S. Bruce*, Nos. 07-18-90053, 07-18-90067 (7th Cir. Jud. Council May 14, 2019).

To be sure, we recognize the unique concerns presented by Judge Bruce presiding over Pettis's sentencing hearing and the need for impartiality. *See Shannon*, 39 F.4th at 885. District judges are afforded broad discretion at sentencing, and, without the proper procedural safeguards, could engage in behavior that rises to the level of a due process violation. *Id.* In *Shannon*, we remanded a defendant's case for resentencing by a different judge, under our supervisory authority, on the basis that Judge Bruce's remarks at sentencing seemed to suggest that the defendant would receive a harsher sentence if he successfully appealed. *Id.* at 886. Our decision was informed by Judge Bruce's broad sentencing discretion, *ex parte* communications with the U.S. Attorney's Office, and "thinly veiled warning" to the defendant not to appeal. *Id.* at 886–88.

None of the red flags present in *Shannon* are present here. Instead, Pettis only offers as evidence of bias Judge Bruce's publicly disclosed *ex parte* communications and his preexisting relationship with members of the U.S. Attorney's Office. Neither the communications nor Judge Bruce's preexisting relationship with the U.S. Attorney's Office rises to the level of a due process violation. *Williams*, 949 F.3d at 1062. Without evidence of actual bias or a risk of bias, Pettis's constitutional claim fails.

### 2. Section 455 Federal Recusal Claim

Next, Pettis claims that Judge Bruce's conduct created the appearance of bias requiring him to recuse under the federal recusal statute, 28 U.S.C. § 455. The government argues that this claim is untimely and not cognizable under 28 U.S.C. § 2255. Because Pettis's § 455 claim does not warrant equitable tolling, we do not reach the merits of his arguments.

Habeas petitions challenging a federal sentence under 28 U.S.C. § 2255 are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). Acknowledging that his petition was filed outside the limitations period, Pettis argues that he is entitled to equitable tolling. To receive the remedy of equitable tolling reserved for the exceptional case, a petitioner must "show that (1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his path and prevented him from meeting the filing deadline." *Conner v. Reagle*, 82 F.4th 542, 550 (7th Cir. 2023) (citing *Holland v. Florida*, 560 U.S. 631, 648–49 (2010)). A petitioner must satisfy both elements of the *Holland* test to demonstrate entitlement to equitable tolling. *Id.*

Here, Pettis is unable to surmount the requirement that he identify an extraordinary circumstance that prevented him from filing a timely habeas petition. While Pettis argues that Patton's failures to (1) accurately notify him about what claims the tolling agreement covered and (2) ensure § 455 recusal claims were included in the tolling agreement demonstrate two extraordinary circumstances warranting equitable tolling, we disagree.

To qualify as extraordinary, the circumstance preventing a petitioner from complying with the one-year deadline "must have been an external obstacle that impeded the presentation of his claim to the court, in other words, something that was beyond his control." *Conner*, 82 F.4th at 551 (citing *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 256–57 (2016)); *Lombardo v. United States*, 860 F.3d 547, 552 (7th Cir. 2017). Because parties are bound by the acts of their attorney, "when a petitioner's postconviction attorney misses a filing deadline, the petitioner is bound by the oversight[.]" *Maples v. Thomas*, 565 U.S. 266, 281 (2012). Reliance on Patton's mistake, therefore, cannot be an external obstacle that impeded Pettis's ability to file a § 2255 motion. *Id.* This principle is reflected in Patton's qualification in his first letter that the decision of whether to file a § 2255 motion was, ultimately, Pettis's decision. Patton's mistake is the kind of "garden variety" circumstance we have held insufficient to justify equitable tolling. *Conner*, 82 F.4th at 552.

Lastly, Pettis's suggestion that Patton's actions violated his right to effective counsel under the Sixth Amendment also fails. There is no constitutional right to counsel in postconviction proceedings. *Garza v. Idaho*, 586 U.S. 232, 245–46 (2019) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)).

Accordingly, we find no abuse of discretion in the district court's decision to not apply equitable tolling to Pettis's claim under the judicial recusal statute, 28 U.S.C. § 455. We therefore do not reach the merits of that claim.

### III. CONCLUSION

For these reasons, we AFFIRM the judgment of the district court.